| Debtor(s): | John Joseph Palmisano, III<br>Aimee Lynn Palmisano | Case Number: | 19-10572 |

United States Bankruptcy Court for the <u>**WESTERN DISTRICT OF LOUISIANA-SHREVEPORT DIVISION**</u>

# Chapter 13 Plan – Western District of Louisiana

☐ Check here if this is a modified plan.

☐ Check here if this is an amended plan.

List below the sections that have been changed.

Reason for Amendment/Modification

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial division. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | The plan sets out Nonstandard Provisions in Part 9. | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | This Plan limits the amount of Secured Claims in 3.1 and/or 3.2 based on a Valuation of the Collateral for the claim. | ☐ Included | ☑ Not Included |
| 1.3 | This Plan avoids a Security Interest or Lien in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.4 | This Plan cures or maintains a loan secured by the Debtor's Principal Residence in 3.1. | ☐ Included | ☑ Not Included |
| 1.5 | This Plan provides for the treatment of a Domestic Support Obligation in 4.3 and/or 4.4. | ☐ Included | ☑ Not Included |
| 1.6 | This plan includes a claim that was either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s); or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value in 3.3. | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments for a total of 36 months to the trustee as follows:**

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

☑ **Original Plans.** $300 per **month** for 36 months, and
$     per     for     months.
$     per     for     months.

☐ **Modified Plans.** $____ has been paid in for the first ____ months; then
$_____ per _____ for _____ months, and

Debtor(s): **John Joseph Palmisano, III**
**Aimee Lynn Palmisano**

Case Number: **19-10572**

$_____ per _____ for _____ months.
$_____ per _____ for _____ months.

Check one: The applicable commitment period is:    36 months (Below Median Income)    ☑
                                                       60 months (Above Median Income)    ☐

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

Debtor(s) will make payments pursuant to a payroll deduction unless otherwise excused by the Chapter 13 Trustee or the Bankruptcy Court.

**Income tax refunds.** During the pendency of this case debtor(s) shall file both Federal and State Income Tax Returns timely and provide copies of same to the Standing Chapter 13 Trustee immediately upon filing of each annual return.

Debtor(s) will pledge income tax refunds as follows:

| All income tax refunds excluding Earned Income Credit, Child Tax Credit, and $1,000.00 per debtor. |
|---|

**2.3 Additional Payments. (In addition to 2.1 above)**
*Check one.*

☑    **None.** *If "none" is checked, the rest of § 2.3 need not be completed or reproduced.*

## Part 3: Treatment of Secured Claims

**3.1 A. Maintenance of payments and cure of default of <u>Principal Residence</u> under 1322(b)(3), including post-petition default payments, if any**

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**B. Maintenance of payments and cure of default <u>other than</u> Principal Residence under 1322(b)(3), including post-petition default payments, if any.**

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims**

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3 Secured claims excluded from 11 U.S.C. § 506. (11 U.S.C. §1325(a) - 910 day Car Claim or 365 day Personal Property)**

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4 Lien avoidance**

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Surrender of Collateral**

| Debtor(s): | John Joseph Palmisano, III<br>Aimee Lynn Palmisano | Case Number: | 19-10572 |
|---|---|---|---|

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4: Treatment of Fees and Priority Claims

### 4.1 General

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.4, will be paid in full without post-petition interest.

### 4.2 Administrative fees

Counsel elects the standing order "no look" fee    ☑ Yes    ☐ No

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be ten percent of plan payments.

The debtor(s) attorney is awarded a fee in the amount of $ **3,600.00** of which $ **3,600.00** is due and payable from the bankruptcy estate. Included in this amount is a fee in the amount of $ **0** for the modification. Fees are limited to the appropriate "No Look" fee amount or the allowed amount subject to a formal fee application.

### 4.3 Priority claims other than attorney's fees and those treated in § 4.4.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.3 need not be completed or reproduced.*

☑ The debtor estimates the total amount of other priority claims to be as follows:.

Domestic Support Obligations prepetition arrears other than those provided for in 4.4 below shall be disbursed by the Trustee:

| Claimant | Nature of Claim | Amount |
|---|---|---|
| -NONE- | | |

Ongoing Domestic Support Obligations shall be disbursed by debtor.

All other unsecured priority claims including tax claims shall be disbursed by the trustee as follows:

| Claimant | Nature of Claim | Amount |
|---|---|---|
| Internal Revenue Service | Income Taxes | $750.00 |
| Louisiana Department of Revenue | Income Taxes | $200.00 |
| Simon Fitzgerald, LLC | Reimbursement of Noticing Costs | $250.00 |

### 4.4 Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

## Part 5: Treatment of Non-priority Unsecured Claims

### 5.1 Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. Unscheduled nonpriority unsecured debts to which a timely proof of claim is filed will be allowed, unless objected to. All non-priority debts on schedule E/F, and unsecured and undersecured debts on schedule D, are incorporated herein by reference.

Revised 01/25/2018
Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

Chapter 13 Plan

Page 3
Best Case Bankruptcy

19-10572 - #6 File 05/02/19 Enter 05/02/19 10:20:17 Main Document Pg 3 of 8

Based upon the scheduled unsecured and undersecured claims in the amount of **$74,902.60**, it is anticipated unsecured creditors will be paid approximately **$5,244.04**, which is approximately **7.00** percent of their respective claims. However, the amount paid on any claim may vary depending on the actual filed and allowed claims.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid no less than **$0.00**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Other separately classified nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

## Part 6: Executory Contracts, Unexpired Leases, and Unmodified Secured Debts paid per contract

**6.1** The executory contracts, unexpired leases, and Unmodified Secured Debts paid per contract listed here are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

**7.1** Property of the estate will vest in the debtor(s) upon entry of discharge or dismissal.

## Part 8: Other Plan Provisions

**8.1 Adequate Protection Payments:**

Debtor(s) shall pay adequate protections payments and/or lease payments as scheduled below to the trustee. If the case is dismissed pre-confirmation the trustee shall disburse these adequate protection payments to the creditor, one for each plan payment received while the case was pending.

| Creditor | Adequate Protection Payment |
|---|---|
| -NONE- | |

**8.2 Changed Circumstances.**

Debtor(s) shall fully and timely disclose to the trustee any change in income, marital status, domestic support obligation, employment, address, or financial recovery to which debtor(s) become entitled, including without limitation, claims for personal injury, employment, worker's compensation, unemployment compensation, inheritance, life insurance, lottery proceeds, or property settlements. These funds shall be treated upon motion by trustee, debtor(s), or any party in interest.

## Part 9: Nonstandard Plan Provisions

☑ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

Debtor(s): **John Joseph Palmisano, III**
**Aimee Lynn Palmisano**

Case Number: _____

| Part 10: | Signatures |

/s/ Keith M. Welch                                    Date: **April 17, 2019**
**Keith M. Welch #13347**
Signature of Attorney for Debtor(s)

/s/ John Joseph Palmisano, III                        Date: **April 17, 2019**
John Joseph Palmisano, III
Debtor

/s/ Aimee Lynn Palmisano                              Date: **April 17, 2019**
Aimee Lynn Palmisano
Joint Debtor

Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)

By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in Official Chapter 13 Plan Form for the Western District of Louisiana, other than any nonstandard provisions included in Part 9.

Revised 01/25/2018
Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

Chapter 13 Plan

Page 5
Best Case Bankruptcy

19-10572 - #6  File 05/02/19  Enter 05/02/19 10:20:17  Main Document  Pg 5 of 8

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| IN RE: John Joseph Palmisano, III | : | Case No: 19-10572 |
| Aimee Lynn Palmisano | : | |
| Debtors | : | Chapter 13 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **May 2, 2019,** I caused a copy of the foregoing **Chapter 13 Plan** to be served on the following registered ECF participants, electronically through the court's ECF System at the email address registered with the court:

Office of the U.S. Trustee            Todd Johns, Chapter 13 Trustee

and also to all parties listed on the attached mailing matrix by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon through the third-party bankruptcy notice provider, BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.Bankr.P. 9001(9) and 2002(g)(4).

**Dated:** May 2, 2019

By: /s/ Qianna Y. Hauptman
Qianna Y. Hauptman
Legal Assistant to Keith M. Welch

```
Label Matrix for local noticing          U. S. Bankruptcy Court                 Ally
0536-5                                   300 Fannin St., Suite 2201             POB 380902
Case 19-10572                            Shreveport, LA 71101-3089              Minneapolis, MN 55438-0902
Western District of Louisiana
Shreveport
Thu May  2 10:02:57 CDT 2019

Ally Financial                           Ally Financial                         Ally Financial, Inc.
200 Renaissance Ctr.                     P. O. Box 380901                       CT Corporation System-Agent
Detroit, MI 48243-1300                   Minneapolis, MN 55438-0901             3867 Plaza Tower Dr.
                                                                                Baton Rouge, LA 70816-4378

Blue World Pools, Inc.                   Bossier Family Medicine                Bossier Parish Sheriff
120 Interstate N Pkwy E Ste. 426         2539 Viking Dr., Ste 101               Property Tax Department
Atlanta, GA 30339-2158                   Bossier City, LA 71111-2165            POB 850
                                                                                Benton, LA 71006-0850

Brentwood Hospital                       (p)INTERNAL REVENUE SERVICE            Constar Financial Services
1006 Highland Ave                        CENTRALIZED INSOLVENCY OPERATIONS      10400 N. 25th Avenue, Suite 100
Shreveport, LA 71101-4103                PO BOX 7346                            Phoenix, AZ 85021-1610
                                         PHILADELPHIA PA 19101-7346

Credit Bureau of the South               Cristina Walker                        Cypress Point Hospital
600 Common Street                        Assistant United States Attorney       42570 S. Airport Drive
Shreveport, LA 71101-3432                Western District of Louisiana          Hammond, LA 70403-0946
                                         300 Fannin Street, Suite 3201
                                         Shreveport, LA 71101-3120

(p)DISCOVER FINANCIAL SERVICES LLC       Eaton Group Attorneys                  Entergy Corporation
PO BOX 3025                              PO Box 3001                            POB 6008
NEW ALBANY OH 43054-3025                 Baton Rouge, LA 70821-3001             New Orleans, LA 70174-6008

Financial Recovery Svcs                  Global Credit Collections Corp.        Grant & Weber
PO Box 385908                            5440 N. Cumberland Ave, Suite 30       5586 S Fort Apache Rd St.
Minneapolis, MN 55438-5908               Chicago, IL 60656-1486                 Las Vegas, NV 89148-7682

Internal Revenue Service                 (p)JEFFERSON CAPITAL SYSTEMS LLC       Kevin Peters
PO Box 7346                              PO BOX 7999                            210 Colonel Burt Drive
Philadelphia, PA 19101-7346              SAINT CLOUD MN 56302-7999              Shreveport, LA 71106

LVNV Funding                             LVNV Funding LLC                       LVNV Funding, LLC
POB 1269                                 PO Box 10587                           Resurgent Capital Services
Greenville, SC 29602-1269                Greenville, SC 29603-0587              PO Box 10587
                                                                                Greenville, SC 29603-0587

Louisiana Department of Revenue          Midland Funding                        Office of District Counsel
Collections Division/Bankruptcy          2365 Northside Drive Ste. 300          Internal Revenue Service
POB 66658                                San Diego, CA 92108-2709               POB 30509
Baton Rouge, LA 70896-6658                                                      New Orleans, LA 70190-0509
```

| | | |
|---|---|---|
| Online Collections<br>POB 1489<br>Winterville, NC 28590-1489 | Oschner LSU Health<br>1541 Kings Hwy<br>Shreveport, LA 71103-4228 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Receivable Recovery Services<br>110 Veterans Blvd., Ste. 445<br>Metairie, LA 70005-4931 | Retail Merchants Association<br>620 Crockett Street<br>Shreveport, LA 71101-3604 | SYNCB/Lowes<br>POB 965005<br>Orlando, FL 32896-5005 |
| Shreveport Bossier Family Dental<br>910 Bert Kouns Industrial Loop<br>Shreveport, LA 71118-3410 | St. Charles Parish Hospital<br>POB 733320<br>Dallas, TX 75373-3320 | Van Ru Credit Corporation<br>4839 N. Elston Avenue<br>Chicago, IL 60630-2534 |
| Willis Knighton Bossier<br>POB 71200<br>Bossier City, LA 71171-1200 | Willis Knighton Medical Center<br>2600 Greenwood Road<br>Shreveport, LA 71103-3971 | Willis Knighton Medical Center<br>515 S. College Rd., Ste. 285<br>Lafayette, LA 70503-3393 |
| Willis Knighton Pierremont<br>PO Box 30200<br>Shreveport, LA 71130-0200 | Willis Knighton Quick Care<br>POB 16435<br>Loves Park, IL 61132-6435 | Aimee Lynn Palmisano<br>1316 Violet Avenue<br>Bossier City, LA 71112-4636 |
| John Joseph Palmisano III<br>1316 Violet Avenue<br>Bossier City, LA 71112-4636 | Keith M. Welch<br>Simon, Fitzgerald, Cooke, et al<br>4700 Line Ave. Suite 200<br>Shreveport, LA 71106-1533 | Office of U. S. Trustee<br>300 Fannin St., Suite 3196<br>Shreveport, LA 71101-3122 |
| Todd Johns (Ch 13 Trustee)<br>Chapter 13 Trustee<br>POB 1770<br>Shreveport, LA 71166-1770 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Chief Special Procedures<br>Internal Revenue Service<br>1555 Poydras St., Ste. 220<br>Stop 31<br>New Orleans, LA 70112 | Discover Financial<br>POB 15316<br>Wilmington, DE 19850-5316 | (d)Insolvency Unit<br>Internal Revenue Service<br>1555 Poydras St.<br>Suite 220, Stop 31<br>New Orleans, LA 70112 |
| Jefferson Capital System<br>16 McIeland Rd<br>Saint Cloud, MN 56303 | Portfolio Recovery<br>120 Corporate Blvd, Ste 100<br>Norfolk, VA 23502 | End of Label Matrix<br>Mailable recipients    48<br>Bypassed recipients     0<br>Total                  48 |